UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:03CR55JCH ) |
| CUAUHTEMOC GONZALEZ-LOPEZ, | ) ) |
| Defendant. | ) |

## OPINION AND DETENTION ORDER

This matter is before the court on the government's request for detention of material witness Josue E. Guillen. On 5/17/05 a Detention Hearing was held pursuant to 18 U.S.C. § 3241(f). Guillen was present in court and represented by counsel, Mr. Alok Kale. The government was represented by Assistant United States Attorney Tiffany Becker. Guillen was a co-defendant in the above-styled case. Guillen testified at the trial of Gonzalez-Lopez. Guillen was subsequently sentenced and has completed his sentence in the Bureau of Prisons. Upon his release from the Bureau of Prisons he was taken into custody on a detainer by the Bureau of Immigration and Customs Enforcement ("ICE") in January, 2005. Deportation proceedings are currently pending against him.

The government has requested Guillen's detention in order that he be able to testify in the re-trial of Gonzalez-Lopez.[1] Because the date of the re-trial has not been scheduled at this time, if Guillen is detained it could be for an indefinite period of time. This is not in the interest of justice. The Pretrial Services Report, which is incorporated as if fully set out herein, recommends detention. There were discussions in court between counsel for defendant, the government and this court. The ideal situation would be for Guillen to be briefly detained until his deposition (video or otherwise) can be arranged. However, because Gonzalez-Lopez's conviction was reversed on the ground that

---

[1] Gonzalez-Lopez was convicted and sentenced. His case was reversed on appeal. A Motion for Re-hearing of the Reversal is pending in the Eighth Circuit Court of Appeals, and until all appellate matters are resolved, no re-trial date can be scheduled.

he did not have the attorney of his choice, there is the lingering question of who should represent Gonzalez-Lopez at the deposition. This court has previously ordered that both attorneys - - that is, the one who represented Gonzalez-Lopez and the one that Gonzalez-Lopez wished to have represent him - - be present at the deposition.

The court will order that Guillen be detained for thirty (30) days to arrange for both lawyers - - Gonzalez-Lopez's trial lawyer and his desired lawyer - - to be present at the deposition. Guillen did not oppose this procedure. The government has informed the court that the depositions are scheduled on May 24, 2005 at 10:00 a.m.

When first taken into custody by the Marshals, Guillen had an initial appearance in Pennsylvania. The court there set a bond. As soon as he was released on bond, ICE took him into custody. It is therefore necessary that the Bond Order of the court in Pennsylvania be vacated. The reasons for this Order of Detention are set out in the Pretrial Services Report and are summarized as follows: There is currently pending an ICE detainer which means Guillen would go into ICE custody even if released on bond. He has significant ties to Honduras and has no ties in this district. There are no conditions or combination of conditions which will assure his appearance for the trial of Gonzalez-Lopez if he is released on bond, then taken into custody by ICE and subsequently deported.

Accordingly,

**IT IS HEREBY ORDERED** that the Bond Order of the District Court in Pennsylvania is **VACATED.**

**IT IS FURTHER ORDERED** that Josue E. Guillen be detained in custody for thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that the United States Attorney shall arrange for a deposition of Guillen to be taken as soon as reasonably possible. This deposition is currently set on May 24, 2005.

IT IS FURTHER ORDERED that both Mr. Carl Dickhaus and Mr. Joseph Lowe, IV shall attend this deposition.

IT IS FURTHER ORDERED that counsel for defendant shall notify this court immediately upon completion of the deposition but in no event later than thirty (30) days from the date of this Order and shall request reconsideration of this Detention Order.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this   17th   day of May, 2005.